**PHILLIPS DAYES**
LAW FIRM
*A Professional Corporation*

3101 North Central Avenue, Suite 1500
Phoenix, Arizona 85012
docket@phillipsdayeslaw.com
TREY DAYES, No. 020805
SEAN DAVIS, No. 030754
(602) 288-1610 ext. 301
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| Ian Bennett;<br><br>                Plaintiff,<br><br>     vs.<br><br>Desert Creek, L.L.C., d/b/a Tonto Bar & Grill, an Arizona limited liability company,<br><br>                Defendants | Case No.: _____<br><br>**COMPLAINT** |

Plaintiff Ian Bennett, for his Complaint against Defendant, alleges as follows:

**NATURE OF THE CASE**

1. The Fair Labor Standards Act is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage and overtime pay requirements for covered employers. *See* 29 U.S.C. §§ 206(a), 207(a).

2. Employers must compensate employees for all work that employers permit employees to perform. *See* 29 C.F.R. § 785.11. In such cases, it is the responsibility of

employers' management to ensure that work is not performed if management does not desire for such work to be performed. *See* 29 C.F.R. § 785.13. Employers may not accept the benefits of employees performing work without compensating the employees for their work. *Id.*

3. Plaintiff brings this action against Defendant for unlawful failure to pay overtime wages in direct violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

4. Defendant had a consistent policy and practice of requiring its employees to work well in excess of forty (40) hours per week without paying them time and a half for hours worked over forty (40) hours per week.

5. Plaintiff seeks to recover unpaid overtime compensation and an equal amount of liquidated damages, including interest thereon, statutory penalties, attorneys' fees, and costs pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b), and 28 U.S.C. § 1331.

7. Venue is proper under 28 U.S.C. § 1391(b) because Defendant reside within the State in which this District Court is located and because a substantial part of the events or omissions giving rise to this matter occurred in this District.

8. The named Defendant, by virtue of their own acts and omissions or by virtue of the acts and omissions committed by one or more of their agents, employees or representatives, as described herein, have conducted business or caused events to occur

within the District of Arizona and, more particularly, within Maricopa County, Arizona, as more particularly described herein so as to give rise to both subject matter and personal jurisdiction of this Court.

**PARTIES**

9. At all times material hereto, Plaintiff was a resident of Maricopa County, Arizona.

10. At all times material hereto, Desert Creek, L.L.C., d/b/a Tonto Bar & Grill, was a limited liability company in the State of Arizona with its principal place of business in Maricopa County, Arizona.

**FACTUAL BACKGROUND**

11. Tonto Bar & Grill is a restaurant located in Cave Creek, AZ.

12. Defendant hired Plaintiff in February 2015.

13. Plaintiff's job duties and responsibilities included preparing food for the restaurant, preparing salads for guests on the line, and preparing his station.

14. Tonto Bar & Grill compensated Plaintiff at an hourly rate of $9.50 per hour.

15. Plaintiff's regular schedule was five to seven days per week.

16. Plaintiff would only be paid his regular rate for all hours worked, not a rate of time and one half his regular rate for hours worked over forty in a week.

17. For example, for the period ending December 20, 2015, Plaintiff worked 85.42 hours and was paid $811.49 which is $9.50 per hour, and he was not paid time and one half his regular rate for any of the overtime he worked that period.

18. As further example, for the period ending December 6, 2015, Plaintiff worked 97.26 hours and was paid $923.97 which is $9.50 per hour, and he was not paid time and one half his regular rate for the overtime he worked that period

19. Paragraphs 24 and 25 are just examples, Plaintiff worked overtime almost every week he was employed by Defendants and was not paid time and one half his regular rate for hours worked above forty in a week.

20. Defendants did not pay Plaintiff overtime properly.

21. Plaintiff was not a commissioned employee.

22. Commissions did not consist of more than half of Plaintiff's weekly earnings.

23. Defendants withheld taxes out of Plaintiff's paycheck pursuant to IRS regulations.

24. Plaintiff was a non-exempt employee.

32. Plaintiff had no supervision or management responsibilities.

33. Plaintiff could neither hire nor fire employees.

34. Plaintiff had no authority to exercise significant independent judgment on issues that affect the whole company when carrying out his job responsibilities.

35. Defendants managed, supervised, and directed all aspects of Plaintiff's job duties and responsibilities.

36. Plaintiff's primary duty was not the performance of work directly related to the management or general business operations of Tonto Bar & Grill., or its' customers.

37. Plaintiff's primary duty was not the performance of work requiring advanced knowledge in a field of science or learning that was acquired by a prolonged course of specialized intellectual instruction.

38. Plaintiff did not perform work requiring advanced knowledge.

39. Plaintiff did not perform work in a field of science or learning.

40. Plaintiff did not have an advanced degree and was not required to have one to perform the work.

41. The knowledge required to perform the work of customer service technician is not acquired by a prolonged course of specialized intellectual study.

42. Plaintiff's work did not require consistent exercise of discretion and judgment.

43. Plaintiff's work did not require him to analyze, interpret, or make deductions from varying facts or circumstances.

44. Plaintiff's duties were carried out in a mechanical and routine manner and he had no authority to make independent decisions in performing those duties.

45. Plaintiff's work did not require invention, imagination, originality, or talent.

46. Plaintiff's work did not require creative or original analysis and interpretation.

47. At all times material to this action, each of the Defendants was and continues to be an "enterprise engaged in commerce or in the production of goods for commerce" as defined by 29 U.S.C. § 203(s)(1).

48. Plaintiff engaged in commerce or in the production of goods for commerce and is therefore individually covered under the FLSA pursuant to 29 U.S.C. §§206(a), 207(a)(1), 212(c).

49. At all relevant times, the annual gross revenue of Defendant exceeded, and continues to exceed, $500,000.00.

50. At all relevant times, Plaintiff was an "employee" of Tonto Bar & Grill.

51. The provisions set forth in 29 U.S.C. § 207 of the FLSA apply to Defendant.

52. At all relevant times, Defendant was and continues to be an "employer" as defined in 29 U.S.C. § 203(d).

53. Defendant should be deemed an "employer" for purposes of the FLSA including, without limitation, 29 U.S.C. § 216.

54. Plaintiff has retained the law firm of Phillips Dayes Law Firm PC to prosecute his claims against Defendant on his behalf and has agreed to pay reasonable costs and attorney's fees in the prosecution of this matter.

**COUNT ONE**
**OVERTIME VIOLATION—29 U.S.C. § 207**

55. Plaintiff incorporates and adopts paragraphs 1 through 54 above as if fully set forth herein.

56. While employed by Defendant, Plaintiff regularly worked multiple hours of overtime per week.

57. Plaintiff was a non-exempt employee.

58. Defendant has intentionally and willfully failed and refused to pay Plaintiff overtime according to the provisions of the FLSA.

59. On information and belief, Defendant further engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to pay Plaintiff in accordance with 29 U.S.C. § 207.

60. As the direct and proximate result of Defendant's violations of the FLSA, Plaintiff has suffered damages by failing to receive compensation in accordance with 29 U.S.C. § 207.

61. Pursuant to 29 U.S.C. § 216, Defendant is liable to Plaintiff for an amount equal to one and one-half times his regular pay rate for each hour of overtime worked per week.

62. In addition to the amount of unpaid wages owed to Plaintiff, he is also entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

63. On information and belief, Defendant's conduct in failing to properly compensate Plaintiff, in violation of the FLSA, was willful.

64. Defendant has not made a good faith effort to comply with the FLSA. Plaintiff has been required to bring this action to recover his overtime compensation, and his statutory liquidated damages, and as the direct and foreseeable result of Defendant's conduct, Plaintiff has incurred costs and attorneys' fees.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a. Awarding Plaintiff overtime compensation in the amount due for all of his time worked in excess of forty (40) hours per week at a pay rate equal to one and one-half times Plaintiff's regular rate of pay while at work for Defendant, in an amount proved at trial;

b. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

c. Awarding Plaintiff reasonable attorneys' fees, costs, and expenses of the litigation pursuant to 29 U.S.C. § 216(b);

d. Awarding Plaintiff pre-judgment interest, at the highest legal rate, on all amounts awarded under subsections (a) and (b) above from the date of the payment due for that pay period until paid in full;

e. Awarding Plaintiff post-judgment interest, at the highest legal rate, on all awards from the date of such award until paid in full; and

f. For such other and further relief as the Court deems just and proper.

## COUNT TWO
## DECLARATORY JUDGMENT

65. Plaintiff incorporates and adopts paragraphs 1 through 64 above as if fully set forth herein.

66. Plaintiff and Defendant have an overtime compensation dispute pending.

67. The Court has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02.

68. Plaintiff is entitled to declarations, and requests that the Court make declarations as to the following matters and as to other matters deemed appropriate by the Court:

    a. Defendant employed Plaintiff.

    b. Defendant is engaged in an enterprise covered by the overtime provisions of the FLSA.

    c. Plaintiff individually is covered by the overtime provisions of the FLSA.

    d. Plaintiff was not an exempt employee pursuant to the FLSA.

    e. Defendant failed and refused to make payments of overtime compensation to Plaintiff, in violation of the provisions of the FLSA.

    f. Defendant's failures to pay overtime compensation to Plaintiff were willful.

    g. Plaintiff is entitled to damages in the amount of overtime compensation not paid by Defendant at the rate of one and one-half times Plaintiff's regular rate of pay.

    h. Plaintiff is entitled to an equal amount as liquidated damages.

    i. Plaintiff is entitled to recover his costs and a reasonable attorney's fee incurred in prosecuting his claim.

69. It is in the public interest to have these declarations of rights recorded as Plaintiff's declaratory judgment action serves the useful purposes of clarifying and settling the legal relations at issue, preventing future harm, and promoting the remedial purposes of the FLSA.

70. The declaratory judgment action further terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

   a. Declaring, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, that the acts and practices complained of herein are in violation of the overtime and wage provisions of the FLSA;

   b. Awarding Plaintiff his reasonable attorney's fees and the costs and expenses of the litigation pursuant to the FLSA; and

   c. For such other and further relief as the Court deems just and proper

Dated: May 3, 2016        Respectfully submitted,

**PHILLIPS DAYES LAW FIRM PC**

By: /s/ Trey Dayes
    Trey Dayes
    Sean C. Davis
    Attorneys for Plaintiff